IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES L. WHATLEY, JR.,**

    **CASE NO. 2:16-cv-676**

  **Petitioner,**

    **CHIEF JUDGE EDMUND A. SARGUS, JR.**
**v.**     **MAGISTRATE JUDGE KEMP**

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

  **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, James L. Whatley, Jr., a state prisoner, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case is before the Court by way of the petition (Doc. 6), Respondent's motion to dismiss (Doc. 8), the supplemental motion to dismiss (Doc. 11), and Petitioner's response and amended response (Docs. 12 and 13). For the following reasons, the Court recommends that the motion to dismiss be **GRANTED** as to grounds four through nine and **DENIED** as to grounds one through three, and, if this recommendation is adopted, that the Court direct Respondent to file a return of writ as to grounds one through three within 21 days and permit Petitioner to file a traverse within fourteen days thereafter.

### I. Procedural History

Respondent argues in the motion to dismiss that almost all of Petitioner's grounds for relief are barred by the doctrine of procedural default. That means that the

procedural history of this case must be recited in some detail.  The key events in the procedural history of this case are these.

On January 3, 2013, Petitioner was indicted by the Guernsey County, Ohio grand jury.  The four-count indictment alleged that Petitioner committed aggravated murder, aggravated robbery, and aggravated burglary.  Two murder victims, Christopher Morrison and Justin Nelson, were named in the indictment.  The crimes were all allegedly committed on June 24, 2012 at 2 Coventry Drive, Apartment C, in Cambridge, Ohio.  Each of the four counts of the indictment was accompanied by a firearm specification.  *Motion to Dismiss*, Doc. 8, Ex. 1.  As the state court of appeals opinion in this case states, all of the crimes allegedly took place in the course of a home invasion robbery in which Petitioner and several others were involved.  *See State v. Whatley*, 2014 WL 1340050 (Guernsey Co. App. March 10, 2014).

Petitioner pleaded not guilty.  The case was tried to a jury from June 10 to June 14, 2013.  The jury convicted Petitioner on all four counts and on all four specifications.  On July 30, 2013, the trial court merged the aggravated robbery and aggravated burglary convictions into the two aggravated murder (or complicity to commit aggravated murder) convictions and sentenced Petitioner to life imprisonment without parole on one of those charges, and to twenty-five years to life in prison on the other.  Those sentences were run concurrently but consecutively to a three-year sentence on the firearm specifications.  Ex. 5.

Petitioner appealed. His appellate brief raised only two issues: (1) that the trial court erred by not ordering production of the transcript of testimony given either to the grand jury or during a guilty plea colloquy by one of the other alleged perpetrators, and (2) the trial court erred by not removing a juror who coughed for a "significant" amount of time during the trial. Ex. 8. In the decision cited above, the court of appeals overruled these two assignments of error. Ex. 10.

After that decision was filed, Petitioner both appealed to the Ohio Supreme Court and filed a motion to reopen his appeal pursuant to Ohio App. R. 26(B). His appeal was not timely and was dismissed for that reason. Ex. 12; *State v. Whatley*, 139 Ohio St.3d 1470 (July 9, 2014). His motion to reopen was granted, however, and new counsel was appointed for him.

When new counsel filed a memorandum in connection with the reopened appeal, she raised four instances of ineffective assistance of appellate counsel. They were:

(1) Counsel was ineffective for not raising, on appeal, a sufficiency of the evidence claim on appeal as to the aggravated murder conviction involving Justin Nelson;

(2) Counsel was ineffective for not raising, on appeal, a sufficiency of the evidence claim on appeal as to the breaking and entering and theft charges;

(3) Counsel was ineffective for not raising, on appeal, the correctness of the jury instruction defining the term "knowingly"; and

(4) Counsel was ineffective for not raising, on appeal, a claim that the life without parole sentence violated the United States and Ohio Constitutions. Ex. 17.

Petitioner was not satisfied with these grounds. He moved for leave to intervene in the appeal for purposes of raising six additional claims of ineffective assistance of appellate counsel. He argued that his phone records showed he was innocent; trial counsel erred in canceling a suppression hearing; the DNA evidence did not support his conviction; the State presented false testimony; members of his race were excluded from the jury pool; and the crime scene was tampered with. Ex. 20. The state court of appeals denied that motion and also denied relief on the issues raised by counsel. Exs. 22 & 23.

The final procedural matter of significance is Petitioner's appeal of that decision to the Ohio Supreme Court. Unlike his previous appeal, it was timely. He presented ten propositions of law for review, which were essentially the four issues raised by his appellate counsel and the six additional issues he attempted to raise through his motion to intervene, although he couched the first four in terms of the underlying legal issues and not in terms of ineffective assistance of appellate counsel. However, the introduction to his memorandum in support of jurisdiction explained that he "was convicted without receiving the effective assistance of counsel" and, in addition, that "the state utilized testimony that it knew or had reason to know was false." Ex. 25. The State did not file an opposing memorandum. The Ohio Supreme Court did not accept

his appeal, and that ended the state court proceedings. Ex. 26; *State v. Whatley*, 143 Ohio St.3d 1501 (Oct. 28, 2016).

Petitioner then timely filed this federal habeas corpus action. His petition raises nine grounds for relief. They are the same grounds contained in his memorandum in support of jurisdiction with the exception of one claim based on the manifest weight of the evidence. Respondent argues that the jury instruction issue (ground two) and the sentencing issue (ground three) are not cognizable in federal habeas corpus because they involve only issues of state law, and that all nine of his grounds for relief were procedurally defaulted. In his response and amended response (they are identical in content, but the first one (Doc. 12) is unsigned), Petitioner argues that he did present all of these claims to the Ohio courts. To determine who has the better side of this argument, the Court must first explain the doctrine of procedural default.

## II. Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to

dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982 (*per curiam* ) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman* v. *Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state

procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective

assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be

> no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

Respondent's argument in support of its assertion of procedural default is somewhat difficult to decipher. Respondent acknowledges that, through counsel, Petitioner raised four claims in his Rule 26(B) motion, and notes that by rule, these claims addressed the issue of whether counsel in the initial appeal was ineffective for not having raised the underlying issues. The underlying issues themselves, not having been raised on direct appeal, were, according to respondent, procedurally defaulted. Citing to *Edwards v. Carpenter, supra*, Respondent then states that "[i]neffective

assistance of appellate counsel may not constitute cause for procedural default where, as here, the claims have been procedurally defaulted ... or alternatively, where the claims are meritless." *Motion to Dismiss* Ex. 8, at 28.

Respondent presents no argument on the merits of any of Petitioner's claims, so the latter part of the sentence which the Court has just quoted can be disregarded. The first part of that sentence is simply an incorrect statement of the law. What *Edwards* says is that ineffective assistance of appellate counsel cannot excuse a procedural default if *that claim* - not the underlying claim - has also been defaulted. The alternative argument (which is what Respondent appears to be saying) simply makes no sense. Respondent seems to assert that once a claim has been defaulted because a petitioner did not raise it on direct appeal, the petitioner cannot rely on a claim of ineffective assistance of counsel to excuse that default even if he properly raised and preserved his ineffective assistance of counsel claim. But that is precisely what *Edwards* and its progeny allow a petitioner to do. Were this Court to consider the merits of any ineffective assistance of appellate counsel claim which is properly before the Court - that is, which has not itself been defaulted - and were the Court to find merit in that claim, it would then have determined that a factor external to the petitioner - the constitutionally ineffective level at which his first appellate counsel performed - caused the procedural default which he now seeks to excuse. True, the Court would also have to look at whether Petitioner was prejudiced, which involves an inquiry into the merits

of the otherwise-defaulted claims, but, as noted, Respondent has not made any merits arguments.

That does not completely answer the procedural default question raised in this case, however. Respondent alludes to the fact that the claims which Petitioner raised in his motion to intervene in the appeal were not considered on their merits by the state appellate court. He did raise those claims again at the Ohio Supreme Court level, but he did not specifically assign, as error, the Fifth District Court of Appeals' denial of his motion to intervene. That court did not, due to its denial of that motion, consider the merits of any of those claims. That would constitute a procedural default both of the claims of ineffective assistance of appellate counsel, and the underlying claims, if the denial of "hybrid representation" - which is how the state court of appeals described Petitioner's effort to raise claims not presented by his attorney - is an adequate and independent state ground for refusing to consider the merits of those claims.

Other courts which have considered this question have concluded that Ohio's judicially-created rule against hybrid representation is an adequate and independent state ground which supports the state courts' refusal to consider, on their merits, claims raised by a criminal defendant which have not been advanced by that defendant's counsel. So, for example, in *Rojas v. Warden, Ross Corr. Inst.*, 2015 WL 631183, *6 (N.D. Ohio Feb. 12, 2015), the court was asked to consider if the petitioner in that case, who, like Petitioner here, attempted to intervene in his appeal when he was already represented by counsel, had defaulted the claims he tried to raise *pro se*. The court held

that such claims were procedurally defaulted, noting that "[t]he Ohio Supreme Court has held that '[a] defendant has no right to a 'hybrid' form of representation wherein he is represented by counsel, but also acts simultaneously as his own counsel.' *State v. Keenan,* 8l Ohio St.3d 133, 138, 81 Ohio St.3d 133, 689 N.E.2d 929 (1998), citing *McKaskle v. Wiggins,* 465 U,S. 168, 183, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984)." Additionally, the court held that "the State of Ohio regularly enforces its prohibition against Petitioners raising claims on appeal while being represented by counsel." *Id.* This Court has reached the same conclusion in cases like *Ysreal v. Warden, Chillicothe Corr. Inst.*, 2014 WL 7185264, *9 (S.D. Ohio Dec. 16, 2014), and the Sixth Circuit Court of Appeals has also held, in cases involving a similar Tennessee rule, that a petitioner has not properly preserved his claims for federal habeas corpus review if they were presented in this hybrid fashion to the state courts. *See, e.g., Hill v. Carlton*, 399 F. App'x 38, 42–45 (6th Cir. 2010).  Consequently, Petitioner has defaulted all of the claims which he attempted to raise in his motion to intervene, which are grounds four through nine in his habeas corpus petition.  The Court will therefore recommend that the motion to dismiss be granted as to these six grounds for relief. Since Respondent has made alternative arguments about the Court's ability to grant relief on grounds two and three (but not ground one, which challenges the sufficiency of the evidence as to one of the murder convictions), the Court will consider whether either claim is properly raised in federal habeas corpus or presents issues only of state law.

### III.  Ground Two - Jury Instruction

Petitioner's second ground for relief reads, *verbatim*, as follows:

**Ground Two**: The trial court erred by failing to properly instruct the jury in the requisite mens rea necessary to find Whatley guilty of agg. murder, in violation of his 5th, 6th, and 14th Amendment rights under the U.S. Constitution.

The jury instructions removed the element of purposely causing the death, which confused the mens rea for murder with that of agg. murder. There was no evidence presented at trial that Whatley intened to kill Mr. Justain.

*See Petition*, Doc. 6, at 7.  Respondent argues that errors in the jury instructions do not "normally" present an issue of federal constitutional law, although they can if they "'so infect[] the entire trial that the resulting conviction violates due process.'" *Motion to Dismiss*, Doc. 8, at 21, quoting *Gall v. Parker*, 231 F.3d 265, 321 (6th Cir. 2000). Respondent then quotes the state court of appeals' decision on this issue, which held that the instruction was proper under Ohio law, and asserts that this court cannot "second-guess the Ohio court's interpretation of its own state law" and that "Whatley's second ground for relief is not cognizable in federal habeas corpus."  Doc. 8, at 20.

The Court is somewhat confused by this argument.  Petitioner clearly alleges in his second ground for relief that the jury instruction in question violated the United States Constitution.  He may be right or wrong in that claim, but it is a federal constitutional claim which this Court can consider, and Respondent acknowledges, with its citation to *Gall v. Parker*, that there can be a federal component to a jury instruction challenge.  This claim was presented as a federal constitutional claim in

Petitioner's Rule 26(B) motion to reopen.  Respondent is simply incorrect in arguing that, as such, it is not cognizable in federal habeas corpus.  The claim may have been procedurally defaulted because it was not raised as part of the initial appeal, but that would require this Court to determine that Petitioner's original appellate counsel was not, contrary to the claims raised in the Rule 26(B) motion, ineffective, and Respondent has not made that argument.  Conversely, the federal constitutional component of this claim may lack merit, but Respondent has not made that argument, either.  Consequently, the Court will recommend that the motion to dismiss be denied as to Ground Two and that Respondent be directed to address this claim in a return of writ.

### IV.  Ground Three - Life Sentence without Parole

Petitioner's third ground for relief is stated in these words:

> **Ground Three**: The trial court abused its discretion by imposing life without parole in violation of Whatley's 5th, 6th and 14th Amendment rights to the U.S. Constitution.
>
> The trial record does not justify the trial court's sentence of life without parole.  Whatley's conviction was based solely on circumstantial evidence and the testimony of self-confessed liars who testified at the trial that they would "do anything" to stay out of prison for the murders.

*Petition*, at 9.  Respondent makes basically the same argument as it did with respect to ground two, contending that this claim, despite its reference to the United States Constitution, involves only "state statutes, state procedural rules, and Ohio case law."  Doc. 8, at 22.  Respondent makes a one-sentence argument that because Petitioner's sentence was permitted under Ohio law, the state court's decision

upholding the sentence (or, more correctly, concluding that Petitioner's initial state appellate counsel was not ineffective for failing to raise this claim) was not contrary to, or an unreasonable application of, federal law. *Id.*

This claim was also presented to the state court as both a federal and state constitutional claim. *See* Doc. 8, Ex. 16. There are provisions of the United States Constitution, such as the prohibition against cruel and unusual punishment, which can serve as a check on sentences which are proper under state law. *See, e.g., Miller v. Alabama*, 567 U.S. 460 (2012)(holding that mandatory life sentences without parole for juveniles convicted of certain offenses violated the Eighth and Fourteenth Amendments even though the sentence was not just authorized by, but mandated by, state law). Again, this claim may have been procedurally defaulted for the same reasons which apply to ground two, or it may lack merit, but Respondent has not presented those arguments. A return of writ should therefore be ordered as to ground three as well.

## IV. Recommendation

For the reasons stated above, the Court recommends that motion to dismiss (Doc. 8) be **GRANTED** as to grounds four through nine and **DENIED** as to grounds one through three. If this recommendation is adopted, the Court s should direct Respondent to file a return of writ as to grounds one through three within 21 days and permit Petitioner to file a traverse within fourteen days thereafter.

## V. Procedure on Objection

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge