IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES L. WHATLEY, JR.,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:16-CV-676
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On March 31, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* be granted, in part, and denied, in part. (ECF No. 14.) Both the Respondent and Petitioner have filed an *Objection* to the Magistrate Judge's *Report and Recommendation* (ECF Nos. 15, 18.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Respondent's *Objection* (ECF No. 15) is **OVERRULED**. Petitioner's *Objection* (ECF No. 18) is **OVERRULED**. The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRIMED**. Respondent's *Motion to Dismiss* (ECF No. 8) is **GRANTED**, in part, and **DENIED**, in part. Habeas corpus claims four through nine are hereby **DISMISSED**. Respondent shall file a Return of Writ addressing the remaining habeas corpus claims one through three within twenty-one (21) days. Petitioner may file a response within fourteen (14) days thereafter.

### Petitioner's Objection

Petitioner objects solely to the Magistrate Judge's recommendation that Respondent be given twenty-one days to file a Return of Writ in regard to habeas corpus claims one through three. Petitioner requests that the case be remanded to the Magistrate Judge for a determination

1

of the merits of such claims. Petitioner complains that the Court has already provided Respondent with the opportunity to address the merits of his claims, and Respondent has failed to do so. Petitioner further contends that he will suffer prejudice and is at a disadvantage in view of his *pro se* incarcerated status, limited access to legal materials. Petitioner maintains that the filing of a Return of Writ at this point in time will only serve to cause further delay.

Petitioner's arguments are not well taken. The filing of a Return of Writ which addresses the merits of Petitioner's claims will assist the Court in resolving Petitioner's claims. Further, the Court is not persuaded that the filing of a Return of Writ at this juncture will cause inordinate delay or unduly prejudice the Petitioner, who remains incarcerated pursuant to presumptively valid convictions in the state courts. Petitioner's *Objection* (ECF No. 18) therefore is **OVERRULED**.

### Respondent's Objection

Respondent objects to the Magistrate Judge's recommendation that the *Motion to Dismiss* be denied as it pertains to habeas corpus claims one through three. Respondent argues that Petitioner has failed to meet his burden of establishing cause and prejudice for his procedural default in failing to raise these claims on direct appeal. Respondent maintains that Petitioner's claim regarding the issuance of improper jury instructions does not provide a basis for federal habeas corpus relief. Respondent similarly argues that Petitioner's claim that the trial court abused its discretion in imposing a term of life without parole presents an issue regarding the alleged violation of state law only, which issue does not warrant relief. Additionally, it is the position of the Respondent that Petitioner did not present his claims to this Court in terms of federal constitutional magnitude and that Petitioner has waived any federal sentencing issue by failing to present such issue to the state appellate court.

The *Petition* indicates that Petitioner has phrased his claims in terms of the alleged violation of federal law. Petitioner asserts in claim two that the trial court failed to properly instruct the jury on the requisite *mens rea* necessary to establish aggravated murder, in violation of the Fifth, Sixth, and Fourteenth Amendment. *Petition* (Doc. 6, PageID# 56.) In claim three, Petitioner asserts that the trial court "abused its discretion by imposing life without parole" in violation of the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution. (PageID# 58.) In support, Petitioner argues that the record does not justify a sentence of life without parole, and that his conviction was based on circumstantial evidence and the testimony of self-proclaimed liars who would do anything to stay out of prison. (*Id.*) Further, the Court liberally construes the pleadings of a *pro se* prisoner. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)(the allegations of a *pro se* complaint are to be held to less stringent standards than formal pleadings drafted by lawyers). Therefore, Respondent's argument that Petitioner has failed to present for this Court's review any claims of federal constitutional magnitude is not well taken.

Respondent maintains that Petitioner's claim that the trial court abused its discretion fails to present an issue of federal constitutional magnitude because Petitioner did not specifically refer, either in these proceedings or in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), to the Eighth Amendment. However, the state appellate court recognized that Petitioner based his claim on the "inchoate argument [that] the penalty is disproportionate to the offense" (ECF No. 8-1, PageID# 395-96)(referring to *State v. Robinson*, No. CT2012-0005, 2013 WL 3387830, at *3 (Ohio App. 5th Dist. July 1, 2013), which also references federal law, *i.e.*, *Woosley v. United States*, 478 F.2d 139, 147 (8th Cir. 1973), discussing the standard for reversal of a sentence based on a trial court's abuse of discretion. Such an argument that a

3

sentence, particularly one that imposes life without the possibility of parole, is grossly disproportionate to the crime, forms the basis for a claim under the Eighth Amendment. *See, e.g., Ewing v. California,* 538 U.S. 11, 30-31 (2003)(holding that "Ewing's sentence of 25 years to life in prison, imposed for the offense of felony grand theft under the three strikes law, is not grossly disproportionate and therefore does not violate the Eighth Amendment's prohibition on cruel and unusual punishments."); *Solem v. Helm,* 463 U.S. 277, 288 (1983)("[T]he Eighth Amendment proscribes grossly disproportionate punishments")(citations omitted); *Barb v. Clipper,* No. 1:11-cv-0563, 2012 WL 2396134, at *15-16 (N.D. Ohio June 4, 2012)(citing *Lockyer v. Andrade,* 538 U.S. 63, 72 (2003)(other citations omitted). Moreover, "[t]he Supreme Court has most frequently found Eighth Amendment sentencing violations in particular cases which involved the death penalty, or sentences of life without parole." *Id.* (citing *Graham v. Florida,* 560 U.S. 48 (2010) (Eighth Amendment prohibits imposition of life without parole on juvenile who did not commit homicide); *Kennedy v. Louisiana,* 554 U.S. 407 (2008) (Eighth Amendment prohibits death penalty for rape of child where crime did not result in death of victim)).

Moreover, Petitioner asserts, as cause for his procedural defaults, the denial of the effective assistance of appellate counsel. Respondent has failed to address the merits of this claim.

For these reasons and for the reasons addressed in the Magistrate Judge's *Report and Recommendation,* Respondent's *Objection* (ECF No. 15) is **OVERRULED**. The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 8) is **GRANTED**, as to habeas corpus claims four through nine, and **DENIED,** as to claims one through three. Respondent shall file a Return of Writ addressing

4

claims one through three within twenty-one (21) days. Petitioner may file a response within fourteen (14) days thereafter.

**IT IS SO ORDERED.**

                                           /s/ _____ 6-2-2017
                                           EDMUND A. SARGUS, JR.
                                           Chief United States District Judge