IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES L. WHATLEY,

    Petitioner,

v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:16-CV-676
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On October 25, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that habeas corpus claims one and two be dismissed as procedurally defaulted, and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (Doc. 24.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 27.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 27) is **OVERRULED**. The *Report and Recommendation* (Doc. 24) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

In claim one, Petitioner asserts that the evidence is constitutionally insufficient to sustain his conviction on the aggravated murder of Justain Nelson. In claim two, Petitioner asserts that the trial court failed to properly instruct the jury on the *mens rea* required to establish aggravated murder. The Magistrate Judge recommended dismissal of these claims as procedurally defaulted, due to Petitioner's failure to raise these issues on direct appeal. Petitioner objects to that recommendation. Petitioner argues that the facts set forth by the Ohio Court of Appeals do

not indicate that he purposely caused Nelson's death. He claims that the trial court issued ambiguous jury instructions on the issue of intent. Therefore, Petitioner argues, he has established the denial of the effective assistance of appellate counsel as cause for his procedural default. Petitioner's arguments are not well-taken.

Elgin Mitchell testified that Dondre Crosby and Petitioner participated with him in the home invasion and robbery. Petitioner wore a black ski mask and carried a black pistol that looked like a .9 millimeter semi-automatic gun. Cosby also carried a .22 revolver. When Christopher Morrison failed to turn over money, Crosby shot Morrison in the face. "Nelson stood up and tried to run, crashing through the sliding glass doors in the rear of the apartment, off the kitchen. Appellant shot Nelson in the back as he fled." *State v. Whatley*, No. 13CA26, 2014 WL 1340050, at * (Ohio App. 5th Dist. March 10, 2014). Petitioner does not dispute these facts.

The Ohio Supreme Court has defined the required *mens rea* under § 2903.01(B) as follows:

> A person acts purposely when he or she specifically intends to cause a certain result. R.C. 2901.22(A). Because the intent of an accused dwells in his or her mind and can never be proved by the direct testimony of a third person, it must be gathered from the surrounding facts and circumstances, and the General Assembly has provided that intent to kill may be proven by inference. Former R.C. 2903.01(D), 139 Ohio Laws, Part I, 3–4. *See, also, In re Washington* (1998), 81 Ohio St.3d 337, 340, 691 N.E.2d 285, 287. "[S]uch an intent may be inferred in a felony-murder when the offense and the manner of its commission would be likely to produce death." *State v. Garner*, 74 Ohio St.3d at 60, 656 N.E.2d at 634.

*State v. Treesh*, 90 Ohio St.3d 460, 484-85 (Ohio 2001). Thus, when viewing all of the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), this Court cannot conclude that the state appellate court contravened or unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), or based its decision on an unreasonable

2

determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d), in concluding that appellate counsel did not perform in a constitutionally unreasonable manner by failing to raise a claim of insufficiency of the evidence on appeal. Similarly, the record fails to support Petitioner's claim that the trial court issued ambiguous jury instructions on the issue of intent. Petitioner failed to establish cause for his procedural defaults of claims one and two.

For these reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (Doc. 27) is **OVERRULED**. The *Report and Recommendation* (Doc. 24) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes

3

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of claims one and two as procedurally defaulted. Moreover, Petitioner failed to object to the Magistrate Judge's recommendation of dismissal of the remainder of his claims for relief. *See Opinion and Order* (Doc. 19.) He therefore has waived his right to appeal the remainder of his claims. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

                                                  _____  1-24-2018
                                                  EDMUND A. SARGUS, JR.
                                                  Chief United States District Judge